IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TRACY LEE JENKINS, JR.**     **PETITIONER**

v.     **No. 3:19CV272-GHD-RP**

**SHERIFF JIMMY FLY, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Tracy Lee Jenkins, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>    (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>    (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
>    . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

The records of the Tallahatchie County Circuit Court reflect that Mr. Jenkins has not filed a motion for post-conviction relief ("PCR motion") in the circuit court challenging his plea and sentence for second degree murder. Once he files a PCR motion in the Tallahatchie County Circuit Court, he may then appeal any adverse decision by the circuit court to the Mississippi Supreme Court and attempt to exhaust his claim in the state's highest court. *See* Miss. Code Ann. § 99-39-25.

Thus, the petitioner still has the remedy of state post-conviction collateral relief which he may pursue in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the

expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of March, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE